IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR SCIENCE IN THE PUBLIC INTEREST,<br><br>  Plaintiff,<br><br>  v.<br><br>BAYER CORPORATION, BAYER HEALTHCARE LLC, and DOES 1-10,<br><br>  Defendants.<br>_____/ | No. C 09-05379 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now before the Court is the motion filed by Bayer Corporation and Bayer Healthcare LLC ("Bayer") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for March 26, 2010 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY GRANTS Bayer's motion to dismiss.

**BACKGROUND**

Plaintiff, a non-profit advocacy organization, Center for Science in the Public Interest ("CSPI") filed suit against Bayer in an effort to stop the company from making claims that the selenium in its One A Day Men's Multivitamins ("Men's Multis") supports prostate health or reduces the risk of prostate cancer. Instead, CSPI contends, selenium may actually cause harm to consumers. CSPI claims that Bayer's labels and advertisements of Men's Multis are

"unlawful, unfair, and unconscionable – and therefore in violation of California's Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.* ("CLRA") and California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq*. ("UCL")." (Amended Complaint ("AC") at ¶ 4.)

The Court will address further facts as necessary in the remainder of this order.

## ANALYSIS

**A.     Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiffs must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 2009 WL 1361536 at *12 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton*

2

*Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Jurisdictional Requirements.**

Bayer contends that CSPI lacks standing to sue on its own behalf or as an association on behalf of its members for the California causes of action for violations of California's Unfair Competition Law and the Consumer Legal Remedies Act. In response, CSPI contends that, on matters of jurisdiction and procedural questions, federal law applies.

Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Although California may, in some instances, have different standing requirements, standing sufficient to meet federal standards is a jurisdictional requirement imposed by Article III of the United States Constitution and takes priority. *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 999-1002 (9th Cir. 2001). By itself, a state law creating a right to sue cannot confer standing, although it can create an interest or legal right, the infringement of which could constitute an injury sufficient to support standing. *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001). Here, where Plaintiff's claim arises under state law only, Plaintiff's "substantive rights in this Court are no greater than they would be in state court, pursuant to the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, Federal law may limit Plaintiff's standing, but it will not expand [its] right to bring this action beyond what is provided under state law." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 942 (S.D. Cal. 2007). Where Plaintiff's claims arise under state law, "[t]o the extent state law does not recognize Plaintiff's standing, [it] would lack a 'legally protected interest' and would thus lack standing under federal law." *Id.* at 943 (citing *Lujan*, 504 U.S. at 560-61). Here, because, as currently pled, CSPI may not maintain the state law causes of action in its complaint, it cannot pursue these same claims in federal court.

### C.  Standing Under State Law Causes of Action.

Under its second cause of action, on behalf of itself and its members, CSPI seeks injunctive relief for violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.* ("UCL").  California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice...." Cal. Bus. & Prof. Code § 17200.  After changes made in 2004 under Proposition 64, California's UCL now only allows a private party to bring an action on behalf of others if the party  "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  This preamble replaced the former standing provision which had allowed an unfair competition law action to be brought "by any person acting for the interests of itself, its members or the general public." *Amalgamated Transit Union v. Superior Court*, 46 Cal. 4th 993, 1000 (2009) (citing Cal. Bus. & Prof. Code, former § 17204)).  "The law now requires that a representative claim, that is, a claim seeking relief on behalf of others, may be brought only by a 'person who has suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Id.*  Just as the unions in *Amalgamated* lacked standing to sue on behalf of its member employees because the unions lack standing as they have not personally suffered actual injury, so too does CSPI lack standing in a representative capacity to sue under California's UCL on behalf of its members. *See id.*

Similar to the analysis for standing under California's UCL, the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.* ("CLRA"), expressly permits a consumer to bring an action for damages and injunctive relief.  However, the CLRA only applies to grant standing to plaintiffs who are consumers of "services for personal, family, or household purposes." Cal. Civ. Code. § 1761(d); *see also California Grocers Ass'n, Inc. v. Bank of America*, 22 Cal. App. 4th 205, 217 (1994) (holding that CLRA standing is limited to individual consumers and precluding claim by trade association of grocers due to lack of standing). Similarly, here, CSPI is not suing as a consumer of services, but in a representative capacity on behalf of consumers.  Accordingly, the Court finds that CSPI lacks standing to sue in an associational or representative capacity under either the UCL or CLRA.

However, an organization may have standing to sue based on injury to itself. In that situation, the organization must show "a concrete and demonstrable injury to its activities, not simply a setback to the organization's abstract social interests." *Project Sentinel v. Evergreen Ridge Apartments*, 40 F. Supp. 2d 1136, 1138 (N.D. Cal. 1999). A "mere interest in a problem, no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself" to provide standing. *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) (internal citations omitted).

Plaintiff CSPI is a non-profit organization dedicated to advocacy and the dissemination of information to its members regarding "health topics of interest." (AC at ¶ 10.) According to the complaint, CSPI is "a strong advocate for nutrition and health, food safety, alcohol policy, and sound science. CSPI has carved out a niche as the organized voice of the American public on nutrition, food safety, health, and other issues. It has long sought to educate the public, advocate government policies that are consistent with scientific evidence on health and environmental issues, and counter industry's powerful influence on public opinion and public policies." (*Id.* at ¶ 11.) CSPI has "followed the science on prostate cancer prevention for over a decade to insure that its members and readers are not misled by false or misleading claims, and has published articles on the issue in its award-winning newsletter *Nutrition Action*." (*Id.* at ¶ 21.)

In its amended complaint, CSPI itself claims to have suffered injury caused by Bayer's illegal misrepresentations. CSPI asserts that it sues on behalf of its own injuries:

> Bayer's conduct directly interferes with CSPI's missions to provide useful, objective, and safe information to the public (including its own members in California and other California residents); to conduct research on food, alcohol, health, the environment, and other issues related to science and technology; to represent the interests of all citizens (including its own members in California and other California residents) interests before regulatory, judicial and legislative bodies on food, alcohol, health, the environment, and other issues; and to ensure that science and technology are used for the public good.

(*Id.* at ¶ 20.)

CSPI asserts that Bayer's alleged misrepresentations have "seriously interfere[d] with CSPI's missions because the misrepresentations have the tendency and capacity to confuse and deceive

reasonable California consumers about the actual efficacy of supplements in preventing prostate cancer." (*Id*. at ¶ 22.)

The Court finds that the allegations of injury sustained by CSPI are insufficient to grant standing to sue on its own behalf. As an organization, the allegations of injury do not show a "concrete and demonstrable injury to its activities, [and] not simply a setback to the organization's abstract social interests." *See Project Sentinel*, 40 F. Supp. 2d at 1138. An organization's mere interest in a problem is insufficient to demonstrate a cognizable injury sufficient to confer standing. *See Sierra Club*, 405 U.S at 739. Rather, the allegations as currently pled indicate that, in reaction to Bayer's alleged misrepresentations, CSPI as an organization reacted by disseminating information about nutritional science and by educating its members. This conduct, rather than causing CSPI to incur injury, fulfilled the espoused purpose of the organization. Accordingly, CSPI fails to allege any property loss or any interference with its institutional activities or ability to operate. Therefore, as currently pled, CSPI lacks standing to sue on its own behalf under the UCL and CLRA. However, although such allegations might be hard to conceive, the Court cannot determine that there are no facts which CSPI could allege demonstrating that it in fact suffered injury to its institutional interests under the UCL.[1]

Therefore, the Court GRANTS the motion to dismiss the CLRA claim with prejudice and GRANTS the motion to dismiss the UCL claim with leave to amend.

### D. Claim for Declaratory Relief.

In its third cause of action, CSPI seeks a declaration that Bayer's marketing of Men's Multis violates the UCL, CLRA, and California's Sherman Law and is not protected by the First Amendment.[2] The Declaratory Judgment Act authorizes courts to "declare the rights and other

---

[1] The Court notes that the related case pending in the Southern District of California, *Johns v. Bayer Corporation and Bayer Healthcare LLC*, No. 09-CV-1935 (S.D. Cal. filed Sept. 3, 2009), which is a putative nationwide class action brought by individual consumers asserting similar claims based on similar facts, does not suffer the same standing challenges.

[2] California's Sherman Law does not provide for a private right of action and thus cannot independently support an action for declaratory relief for the same reasons as the declaratory relief claim based on the other state law causes of action. *See* Cal. Health & Safety Code § 111900 (providing for action to be brought only by State Attorney General or local district attorney on behalf of State Department of Health Services).

6

legal relations of any interested party seeking such declaration" so long as the declaration is sought "in a case of actual controversy within the Court's jurisdiction." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act does not provide an independent basis for jurisdiction. *Luttrell v. United States*, 644 F.2d 1274, 1275 (9th Cir. 1980) ("28 U.S.C. §§ 2201 and 2202 create additional remedies in the form of declaratory judgment relief for federal litigants, but do not in and of themselves confer subject matter jurisdiction on the courts."). Because the Court has found that CSPI lacks standing to assert its state claims, there is no jurisdiction to hear the declaratory relief claim as there is alleged no case or controversy between the parties. *See Church of Scientology Int'l v. Kolts*, 846 F. Supp. 873, 882 (C.D. Cal. 1994) (holding that "without an underlying claim, Plaintiff has no right to a declaratory judgment pursuant to 28 U.S.C. § 2201.")

Because the Court dismissed CSPI's state law claim under the UCL with leave to amend, the Court GRANTS motion to dismiss CSPI's claim for declaratory relief with leave to amend.

## CONCLUSION

For the reasons set forth in this Order, Bayer's motion to dismiss is GRANTED, in part with leave to amend, in part without leave to amend.

CSPI may file an amended complaint, in compliance with this Order, within thirty days of the date of this Order. If CSPI does not file an amended complaint within thirty days, this case shall be dismissed. If an amended complaint is filed, Bayer shall either file an answer or move to dismiss within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated: March 25, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7